

FILED by _____ D.C.

OCT 10 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

17CV81136 ROSENBERG/
HOPKINS

GEORGE C. GRIMSLEY,

    Plaintiff,

v.

THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION; AND ALEXANDER J. WILLIAMS, ASSISTANT GENERAL COUNSEL, IN HIS OFFICIAL CAPACITY; AND ALL MEMBERS OF THE INVES-TIGATIVE PANEL IN THEIR OFFICIAL CAPACITIES, WHOSE NAMES ARE UNKNOWN, EVALUATING THE COMPLAINT FILED ON MAY 23, 2017 BY GEORGE C. GRIMSLEY IDENTIFIED AS: RE: DOCKET NO. 17-260; OFTEDAL,

    Defendants.
_____/

## INTRODUCTION AND NATURE OF ACTION

1. This is a civil action brought (a) pursuant to 28 U.S.C. 2201 and 2202 for declaratory judgment, and (b) pursuant to 42 U.S.C. 1983 for costs and fees.

2. The Plaintiff, George C. Grimsley (hereinafter Grimsley) filed a complaint dated May 19, 2017 and received by the Florida Judicial Qualifications Commission (hereinafter JQC) on May 23, 2017. The JQC notified Grimsley by letter dated July 15, 2017, that it had completed its review of his complaint.

## JURISDICTION AND VENUE

3. The Court has jurisdiction in this matter persuant to 28 U.S.C. 1331. It is empowered to provide declatory relief pursuant to 28 U.S.C. 2201, 42 U.S.C. and Fed. R. Civ. P. 57.

4. Venue is proper in this judicial district persuant to 28 U.S.C. 1391(b)(2) since all parts of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

5. Grimsley is a citizen and resident of the United States and the State of Florida.

6. At all material times hereto, The JQC was and is the constitutional body, which is empowered to regulate conduct of the Florida state judges, and is responsible for enforcing the Code of Judicial Conduct and the JQC Rules. As detailed in the Constitutional and Rules Framework section infra. the JQC has the exclusive authority to investigate and make recommendations to the Supreme Court of Florida on all disciplinary matters concerning Florida judges and justices.

7. At all material times hereto, the JQC was managed and operated by the JQC Officials. JQC Officials are jointly responsible for the investigation, prosecution, and discipline of judges throughout the state.

## CLAIMS

COUNT I - DECLATORY JUDGMENT PURSUANT TO 42 U.S.C. 1983 AGAINST THE JQC AND/OR JQC OFFICIALS.

8. Grimsley adopts and incorporates the averments contained in paragraphs 1 through and including 8 set forth above as though set forth fully herein.

9. This First Count is brought pursuant to 42 U.S.C. 1983 and U.S.C. 2201.

2

10. Grimsley has demonstrated herein that the JQC has not carried out its responsibilities to investigate the conduct of Judge Richard L. Oftedal as was requested in Grimsley's complaint of May 23, 2017.

11. Without this Honorable Court's intervention, Grimsley will be deprived of his Constitutional and Due Process Rights.

12. Thereby, Grimsley seeks and is entitled to a declaration from this Honorable Court that the Defendant, JQC and JQC Officials did not carry out its responsibilities by not investigating the allegations made against Judge Richard L. Oftedal.

13. On May 19, 2017, Grimsley filed his complaint against Judge Richard L. Oftedal, Circuit Court Judge, Fifteenth Judicial Circuit of Florida. A copy of that complaint is attached as Exhibit A. A copy of Grimsley's Appendix to that complaint is attached as Exhibit B, and a copy of five (5) Transcripts of Proceedings before Judge Richard L. Oftedal is attached as Exhibit C.

14. On May 23, 2017, by letter, the JQC acknowledged receipt of Grimsley's complaint and advised him that The Investigative Panel will evaluate it at the next meeting. A copy of that letter is attached as Exhibit D.

15. On July 5, 2017, by letter, the JQC advised Grimsley that his concerns are not allegations involving a breach of the Code Of Judicial Conduct warranting further action by the Commission but are matters for review through the normal court process. A copy of that letter is attached ss Exhibit E.

GRIMSLEY'S LAWSUIT TO THE COURT
SHOWS MANY BREACHES OF THE CODE OF JUDICIAL CONDUCT
BY JUDGE RICHARD L. OFTEDAL

FOR EXAMPLES:

16. On December 12, 2016, Grimsley hand delivered his letter to Judge Oftedal providing him a copy of his Second Information To The Court That Attorney Ryan R. McCain Has Violated The Rules Regulating The Florida Bar. But Judge Oftedal did nothing about such misconduct. Please see complaint at page 2 highlighted and Appendix 6 with portions highlighted.

17. On December 19, 2016, Grimsley filed Plaintiff's Notice To This Court That Attorney Ryan R. McCain Has Once Again Refused To Set A Hearing. In paragraph 4 of this Notice, Grimsley brought to Judge Oftedal's attention that he (The Judge) was aware of Attorney McCain's misconduct on December 13, 2016. Please see complaint at page 2 and Appendix 13-14 with portions highlighted.

18. On January 18, 2017, Attorney Darren J. Ayoub knowingly made false statements to Judge Oftedal, who knew about this dishonesty but did nothing about it. Please see complaint at page 3 highlighted and see Transcript of January 18, 2017 hearing at Page 11, Lines 1-8 and Lines 18-23.

19. On January 30, 2017, Grimsley filed his Showing That Attorney Ryan R. McCain, In Effect, Has Been Practicing A Fraud On The Court. In paragraph 5, Grimsley brings Judge Oftedal's attention to the many time he (Grimsley) made it known to Judge Oftedal about the misconduct of Attorneys McCain and Ayoub. But Judge Oftedal did nothing about it. Please see complaint at page 4 highlighted and Appendix 20-24 with portions highlighted, especially at paragraphs 6, a & b.

4

20. On February 9, 2017, Judge Oftedal entered an Order Setting Special Set Hearing on Third Motion To Quash for March 20, 2017, eventhough, he knew March 6, 2017 was the hearing date made known to him on February 1, 2017. Please see complaint at page 4 highlighted and Transcript of February 1, 2017; Page 7, Lines 5-7; Page 17, Lines 15-24; Page 18, Line 25 and Page 19, Lines 1-4.

21. February 10, 2017, Grimsley hand delivered his letter to Judge Oftedal enclosing a copy of his Specific Information To The Court that Attorney Ryan R. McCain And Darren J. Ayoub Have Committed Violations Of The Rules Regulating The Florida Bar. Please see Appendix 28-31 highlighted. Grimsley also provided Judge Oftedal with case law and Florida Statutes showing the two attorneys appeearing before him had made false representation to him. But even that did not matter to Judge Oftedal. He did nothing about the two lawyers misconduct.

22. In Grimsley's Specific Information, at paragraph 3, he reminded Judge Oftedal that The Judicial Code Of Conduct required him to take appropriate action then an attorney has violated the Rules Regulating The Florida Bar. Please see complaint at page 5 highlighted.

<u>Concerning The February 27, 2017 Hearing</u>

23. The Transcript shows Judge Oftedal said it would be true that defendant's attorneys violated divisional instructions by unilaterally changing the March 6 hearingto March 20, 2017. Please see complaint at page 9 hightlighted and see Transcript of February 27, 2017 Hearing at Page 7, Lines 11-16.

24. Judge Oftedal began to question Grimsley about not complying with with the rules but he could not find anything that was not complied with. Please see Transcript at Page 7, Lines 16-25 and Page 8, Lines 1-3.

5

25. Judge Oftedal asked Grimsley where was his Certificate of Compliance on the Notice Of Hearing he filed and served because he could not find it on the copy he was looking at. Grimsley realized that Judge Oftedal was not even looking at the Notice of Hearing he required Grimsley to go on line to submit at great costs to him. Please see Transcript of February 27, 2017 Hearing at Page 8, Lines 4-8. And see Appendix 27 for the money Grimsley had to spend to go online to file a one page Notice Of Hearing

26. It was only after Judge Oftedal exhausted all of his efforts to find a viable reason to deny keeping Grimsley's requested March 6 hearing date, that Judge Oftedal finally attempted to set the hearing for March 6, 2017. Please see Transcript at Page 8, Lines 9-25; Page 9; Page 10 and Page 11, Lines 1-15.

27. On March 14, 2017, at 12:28 p.m., Attorney Ryan R. McCain electronically filed Defendant's Motion To Appear Telephonically. Please see Appendix Not Numbered (it follows Appendix 43).

28. On March 14, 2017, that same day, an Order was entered Granting Defendant's Motion To Appear Telephonically. Please see Appendix Not Numbered (it follows Appendix 43).

29. Grimsley objected to Judge Oftedal having an exparte telephone conversation with Attorney McCain because such a motion should have first been coordinated with him. Please see complaint at page 7, #5.

30. When Grimsley arrived at the March 15, 2017 hearing, he was suprised to see Judge Oftedal speaking with Attorney McCain on the telephone which he should not have been doing. Please see Transcript of March 15, 2017 at Page 3, Lines 12-14.

6

31. Grimsley shows five (5) specific acts of misconduct by Attorney McCain that Judge Oftedal was aware of. Please see complaint at the bottom of page 5, page 6 and page 7 highlighted.

32. The most disturbing action taken by Judge Oftedal was him saying that he was going to deny my request for fees and costs based on Attorney McCain's viable explanation of events. It was extreamly hard for Grimsley to understand how Judge Oftedal would accept the explanation of this attorney that he (Judge Oftedal) knew had made many false statements to him knowingly and other kinds of misconduct. Please see Transcript of March 15, 2017 Hearing at Page 9, Lines 16-25 and Page 10, Lines 1-9.

33. Amazingly during this hearing, Attorney McCain told Judge Oftedal the direct opposite of what he said on February 1, 2017 when he finally established March 6 as the hearing date on his Motion To Quash. Please see Transcript of February 1, 2017 hearing at Page 7, Lines 5-7. This was contrary to his his previous statements to Judge Oftedal.

34. Attorney McCain went so far as to falsely tell Judge Oftedal that Grimsley was communicating with him concerning different dates and that Grimsley verbally agreed to March 6 hearing date. And, that Grimsley later agreed to March 20, 2017. Please see Transcript of March 15, 2017 hearing at Page 7, Lines 9-25; Page 8 and Page 9, Lines 9-15. Ofcourse, Grimsley would not and did not agree verbally to a March 20 hearing date. Especially, knowing the lack of being truthful by Attorney McCain.

35. On March 17, 2017, Grimsley filed his Notice To The Court That Defendant Has Not Provided A Memorandum Seven (7) Days In Advance Of Hearing as was required in his February 9, 2017 Order Setting Special Set Hearing. Please see Appendix 44 highlighted.

42. Judge Oftedal got a bit hostile, undignified and discourteous as Grimsley was telling him that the two (2) attorneys had not complied with his written Order.  Please see Page 4, Lines 1-10.

43. Grimsley made Judge Oftedal aware of his Motion To Strike Any Memorandum or supporting law, rules or statutes not filed seven (7) days in advance of the March 20, 2017 Hearing.  Please see Transcript at Page 3, Lines 9-23 and see Appendix 47-48 highlighted.

44. Judge Oftedal simply ignored Grimsley's Motion To Strike and allowed Attorney Darren J. Ayoub to introduce evidence of an Administrative Order which he (Judge Oftedal) relied on during the hearing.

PRAYER FOR RELIEF

  WHEREFORE, Grimsley, respectfully requests that this Honorable Court enter an Order for the following relief:

i. Entering a declatory judgment declaring that Defendant JQC And JQC Officials did not carry out its responsibilities by not investigating the allegations previously made against Judge Rich L. Oftedal.

ii. Award Grimsley costs and fees expended on his behalf pursuant to the Court's Inherent Powers.

iii. Award Grimsley, Pre-Judgment and Post-Judgment interest on the relief sought herein; and

iv. Award Grimsley such other and further relief as justice and equity require.

DEMAND FOR JURY TRIAL

Plaintiff, George C. Grimsley, hereby requests a trial of all issues so triable, pursuant to Fed. R. Civ. P. 38(b).

Dated: October 10, 2017

Respectfully Submitted,

*[signature: George C Grimsley]*

GEORGE C. GRIMSLEY, Pro Se
Post Office Box 2581
West Palm Beach, Florida 33402
(561)234-8612